■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANIEL RIVERA, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, dated January 8, 1979, which, after a hearing, granted the defendant's motion to suppress evidence seized from him at the time of his arrest. Order reversed, on the law, motion to suppress denied, and case remitted to Criminal Term for further proceedings on the indictment. On December 1, 1977, at approximately 2:00 A.M., a Brooklyn liquor store was burglarized. Police Officer Young, who responded to the scene, was told by the store's owner that a quantity of coins was missing from underneath a counter. Two hours later, as Young and his partner were emerging from a building some five blocks from the liquor store, they observed the defendant walking along the street carrying a bank bag bearing the inscription "Philadelphia Mint." Young recognized the defendant as one of a group of individuals whom he had observed in the past "hanging around" the scenes of other burglaries that occurred with some frequency in the neighborhood. The officer had questioned the defendant on previous occasions but had never arrested him. Young testified that the defendant "walked right into"

him on the street and the officer asked him what he was doing there. The defendant's immediate response was that he had "found it in the garbage." Asked what he had found, the defendant replied, "this bag with money." Young then looked into the bag and saw rolls of coins wrapped in paper bearing an account number. The officer asked the defendant to accompany him and, without protest, the defendant entered the patrol car. The officers never drew their weapons and the defendant was not handcuffed. He was driven back to the liquor store where the owner, recognizing the account number on the rolls, identified the coins as those stolen earlier that night. The defendant was thereupon placed under arrest. On this evidence, Criminal Term granted the defendant's motion to suppress the coins. We reverse. Upon observing a man, suspected in connection with other burglaries, walking down the street at 4:00 A.M. carrying a bank bag, the officer was justified in making the "minimal intrusion of approaching to request information" (see *People v De Bour,* 40 NY2d 210, 223). Such action is permissible "when there is some objective credible reason for [the] interference not necessarily indicative of criminality" *(People v De Bour, supra,* p 223). When, in answer to an inquiry as to what he was doing there, the defendant offered the disingenuous response that he had found "this bag with money" in the garbage, the complexion of the encounter was significantly changed. At that point, the officer became duty bound to take the "found property" into his custody to hold for its rightful owner. (See Personal Property Law, § 251 *et seq.)* At the least, the officer was justified in entertaining "a reasonable suspicion" that the defendant had committed a crime, and he was therefore entitled to stop and detain him forcibly. (See CPL 140.50, subd 1; *People v De Bour, supra.)* It is of no significance that the officers chose to bring the defendant to the store rather than having the store owner brought to the defendant while he remained on the street. The defendant offered no objection to the five-block ride, he was not handcuffed, and the officers had not drawn their weapons or otherwise threatened the use of force. The prompt inspection of the coins by the store owner was the least intrusive method of determining whether the defendant had possessed stolen property. Had the owner failed to identify the coins, the defendant might then have been permitted to go on his way. Under the totality of the circumstances, we conclude that "the action of the police was justified at its inception and * * * was reasonably related in scope to the circumstances which rendered its initiation permissible." (See *People v Cantor,* 36 NY2d 106, 111.) Accordingly, the motion to suppress should have been denied. (See *People v Moore,* 47 NY2d 911.) Mangano, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.